# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ALSOP, | : |
| Petitioner, | : |
| v. | : 3:17-CV-1737 |
| | : (JUDGE MARIANI) |
| WARDEN LANE, | : |
| Respondent. | : |

## ORDER

**AND NOW, THIS 8TH DAY OF FEBRUARY, 2018**, upon *de novo* review of Magistrate Judge Saporito's Report & Recommendation, (Doc. 3), **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation, (Doc. 3), is **ADOPTED** for the reasons discussed therein.

2. Petitioner's objections, (Doc. 4), are **OVERRULED**. Although Petitioner raises several objections, in a later filing Petitioner concedes that "[t]his Court lacks jurisdiction to entertain [his] claim." (Doc. 5). With that point conceded, all Petitioner's other objections are moot. Nevertheless, in both Petitioner's objections and his subsequent filing, Petitioner requests that this Court transfer his case to the sentencing court pursuant to 28 U.S.C. § 1404(a). (Docs. 4, 5). To the extent that Petitioner seeks to have his § 2241 petition transferred to the sentencing court in the Southern District of Ohio, such transfer would be futile because that court lacks

jurisdiction over the petition. In light of the fact that Petitioner is imprisoned within the Middle District of Pennsylvania, only courts within this district have jurisdiction to entertain his § 2241 petition. *See* 28 U.S.C. § 2241(a); *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009) ("A petition brought under 28 U.S.C. § 2241 must be filed in the district in which the petitioner is imprisoned"); *Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994) ("A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district."); *see also Fair v. Apker*, 132 F. App'x 945, 946-47 (3d Cir. 2005) (holding that a district court did not err when it declined to transfer a § 2241 petition to another district). Further, to the extent that Petitioner seeks for this Court to construe his § 2241 petition as a § 2255 petition and transfer it to the sentencing court, such a transfer would be equally futile. Because Petitioner has previously filed a § 2255 petition with the sentencing court, that court cannot entertain another § 2255 petition until Petitioner obtains authorization from the Sixth Circuit. *See* 28 U.S.C. §§ 2244, 2255(h). Accordingly, the Court declines to exercise its discretion to transfer this matter to the Southern District of Ohio. *Cf. Casado v. Morris*, 1998 WL 665378, at *2 (D.N.J. 1998) (declining to transfer a petition improperly brought under § 2241, instead of § 2255, to the sentencing court because the statute of limitations had run on a § 2255 petition before the § 2241

petition was filed); *McFarland v. Caraway*, 2014 WL 5393106, at *2 (M.D. Pa. 2014) (same).

3. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** for lack of subject matter jurisdiction. Such dismissal, however, is **WITHOUT PREJUDICE** to petitioner's right to file a § 2255 petition in the sentencing court, subject to the applicable requirements of 28 U.S.C. §§ 2244 and 2255(h).

4. The Clerk of Court is directed to **CLOSE** the case.

Robert D. Mariani
United States District Judge